IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

_____

| | | |
|---|---|---|
| JANE DOE, | * | |
| | * | |
| **Plaintiffs,** | * | CIVIL ACTION FILE NO. |
| | * | |
| VERSUS | * | 3:17-CV-00038-TCB |
| | * | |
| INVESTIGATOR CHERYL SMITH, | * | |
| individually, CAPTAIN TERESA | * | |
| PILCHER, individually, SHERIFF | * | |
| EDDIE MIXON, in his official and | * | |
| individual capacities, and | * | |
| HARALSON COUNTY, | * | |
| | * | |
| **Defendants.** | * | |

## RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

COME NOW Defendants and hereby submit this Response Brief in Opposition to Plaintiff's Motion to Amend, and respectfully show this Honorable Court as follows, to-wit:

## I. STATEMENT OF THE CASE

Plaintiff filed her complaint asserting claims pursuant to both federal and state law on March 17, 2017. Doc. 1. Defendants filed Answers on June 26, 2017. Docs. 9-11. Concurrently with their Answers, Defendants filed a Motion to Stay

1

Proceedings pending the resolution of Plaintiff's criminal charges. Doc. 12. This Honorable Court granted Defendants' Motion to Stay Proceedings for a period of 180 days. Doc. 18. On November 14, 2017, the parties filed a Joint Motion to Reopen Case. Doc. 19. On that same date, Plaintiff filed a Motion to Amend with a proposed amendment (hereinafter "proposed amendment"). Doc. 20. Plaintiff seeks to add to her complaint malicious prosecution claims under both federal and state law. Id. Defendants file this Brief in opposition to Plaintiff's request.

## II. ARGUMENT AND CITATION OF AUTHORITY

Via the instant motion, Plaintiff seeks to assert against Defendants claims of malicious prosecution pursuant to both federal and state law. A proposed amendment should be denied when it is futile. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). A claim is futile if it cannot withstand a motion to dismiss, i.e., does not state a plausible claim upon which relief can be granted. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law"); Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520-21 (11th Cir. 1996). Both the federal and state law malicious prosecution claims proposed by Plaintiff are not viable as a matter of law.

2

As to the federal law claim, "[a]spects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations omitted). With regard to malicious prosecution claims under § 1983, the Eleventh Circuit has explained:

> This Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." "[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law."
>
> To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. As to the first prong, the constituent elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." . . .
>
> As to the second prong, it is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment.

Grider v. City of Auburn, 618 F.3d 1240, 1256 (11th Cir. 2010) (citations and footnote omitted). In addition, "[w]hen malicious prosecution is brought as a

federal constitutional tort, the outcome of the case does not hinge on state law, but federal law, and does not differ depending on the tort law of a particular state." Wood v. Kesler, 323 F.3d 872, 882 n.17 (11th Cir. 2003).

As to the favorable termination element, the Eleventh Circuit has recognized that courts have "reasoned that 'only terminations that indicate that the accused is innocent ought to be considered favorable.'" Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998) (citations omitted). Other courts have reached the same conclusion. See Wilkins v. DeReyes, 528 F.3d 790 (10th Cir. 2008); Hilfirty v. Shipman, 91 F.3d 573, 580 (3d Cir. 1996); Woodard v. Town of Oakman, 885 F. Supp. 2d 1216, 1233 (N.D. Ala. 2012). Specifically, dismissal on speedy trial grounds is not a favorable termination for purposes of a § 1983 malicious prosecution claim. Cordova v. City of Albuquerque, 816 F.3d 645, 651 (10th Cir. 2016).

In the present case, Plaintiff has only alleged that her criminal prosecution ended as a result of a speedy trial act violation. Doc. 21-1 at ¶ 87. That is not a favorable termination. Cordova, 816 F.3d at 651. Plaintiff cannot as a matter of law establish that element of her cause of action. She should not be allowed to amend her complaint to add a federal law malicious prosecution claim.

4

Plaintiff would not be able to make out a prima facie malicious prosecution claim under Georgia law for much the same reason. That is, dismissals that do not indicate lack of merit in the criminal charges are not favorable terminations for purposes of malicious prosecution claims. See Ayala v. Sherrer, 234 Ga. 112, 114-15 (1975) (where a valid warrant is dismissed, with or without the prosecutor's consent, the dismissal is prima facie evidence that the termination was in favor of the person arrested); Page v. Citizens' Banking Co., 111 Ga. 73, 73 (1900) (if the prosecutor dismisses an arrest warrant after "stating that it was impossible to make out a case," a plaintiff can state a claim for malicious prosecution assuming they can show the other elements of the claim); Laster v. Star Rental, Inc., 181 Ga. App. 609, 609 (1987) ( "the voluntary abandonment of the case by the party who instituted the prosecution" is a favorable termination). Unfavorable terminations include those where a criminal defendant settles with the prosecutor, where a defendant consents to the termination of the criminal action, and where the prosecutor dismisses without prejudice on jurisdictional grounds but then diligently reinstates prosecution in a court with proper jurisdiction. See Gray v. Dental One Assocs., Inc., 269 Ga. App. 888, 889 (2004); Sherrill v. Stockel, 252 Ga. App. 276, 279 (2001); Vadner v. Dickerson, 212 Ga. App. 255, 256 (1994). Similarly, when

5

the State dismisses a case because of an agreement and compromise between the parties, the prosecution has not terminated in favor of the plaintiff for purposes of a malicious prosecution claim. Commercial Plastics & Supply Corp. of Ga. v. Molen, 182 Ga. App. 202, 203-04 (1987). There is no reason to think Georgia courts would treat a speedy trial dismissal any different as it indicates nothing as to the merits of the charge.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court to deny Plaintiff's Motion to Amend.

RESPECTFULLY SUBMITTED,

WOMACK, GOTTLIEB & RODHAM, P.C.

*/s/ Ronald R. Womack*
GEORGIA BAR NO. 773650

*/s/ Steven M. Rodham*
GEORGIA BAR NO. 611404

109 EAST PATTON AVENUE
P. O. BOX 549
LAFAYETTE, GEORGIA 30728
706/638-2234

ATTORNEYS FOR DEFENDANTS

6

## CERTIFICATION OF COUNSEL

The undersigned pursuant to this Court's Local Rules hereby certifies that this document has been prepared with Times New Roman 14 point.

THIS 28th DAY OF NOVEMBER, 2017.

WOMACK, GOTTLIEB & RODHAM, P.C.

*/s/ Steven M. Rodham*
GEORGIA BAR NO. 611404

P. O. BOX 549
109 EAST PATTON AVENUE
LAFAYETTE, GEORGIA 30728
706/638-2234

OF COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on November 28, 2017, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

> Zack Greenamyre, Esq.
> Jeffrey R. Filipovits, Esq.

WOMACK, GOTTLIEB & RODHAM, P.C.

*/s/ Steven M. Rodham*
GEORGIA BAR NO. 611404

P. O. BOX 549
109 EAST PATTON AVENUE
LAFAYETTE, GEORGIA 30728
706/638-2234

OF COUNSEL FOR DEFENDANTS
