**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 3:17-cv-38-TCB |
| INVESTIGATOR CHERYL SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
HER MOTION TO AMEND THE COMPLAINT**

Defendants oppose Plaintiff's motion to amend her complaint by arguing that

amendment is futile because Plaintiff's acquittal under O.C.G.A. § 17-7-170 cannot

constitute a favorable termination on the merits of her prosecution, and therefore

cannot support a malicious prosecution claim. As shown below, the scant authority

cited by Defendants does not support the rule they advance, and the vast weight of

authority supports the opposite rule: that the dismissal of Plaintiff's prosecution

constitutes a *per se* favorable termination which supports a malicious prosecution

claim.

Even if the Court were to adopt the minority rule that a speedy trial dismissal is

a favorable termination under certain circumstances, the issue of whether Plaintiff's

acquittal constitutes a favorable termination is a question of both law and fact that is not ripe for resolution on a motion to dismiss. The question presented here is only whether Plaintiff's proposed amended complaint states a *plausible* claim for malicious prosecution, with all inferences construed in Plaintiff's favor in making that assessment. Because Plaintiff's proposed amended complaint meets that standard, her motion to amend, Doc. 21, should be granted.

### I.   PLAINTIFF'S AMENDED COMPLAINT STATES A MALICIOUS PROSECUTION CLAIM BECAUSE A SPEEDY TRIAL ACQUITTAL IS A FAVORABLE TERMINATION

"To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kessler*, 323 F.3d 872, 882 (11th Cir. 2003). The elements of a common law malicious prosecution under Georgia law are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* The element at issue is whether Plaintiff's criminal prosecution "terminated in the plaintiff accused's favor." *Id.* To satisfy this element, "a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir.

1998).[1]

### A.   Plaintiff's acquittal resulting from a statutory speedy trial violation is a *per se* favorable termination.

Because the dismissal in this case is predicated upon Georgia's statutory speedy trial statute, O.C.G.A. § 17-7-170, the analysis begins with Georgia law. Under the speedy trial statute, a dismissal based upon a failure to comply with a defendant's speedy trial demand is an acquittal that bars subsequent prosecution. *See Smith v. State*, 260 Ga. App. 403, 403, 579 S.E.2d 829, 830 (2003) ("[B]ecause of the express language of the statute, a defendant stands acquitted as a matter of law when the State fails to comply with a statutory speedy trial demand under OCGA § 17-7-170."). It is hornbook law that such a disposition constitutes a favorable termination for a malicious prosecution claim. *See* Restatement (Second) of Torts § 659 (declaring that a "formal abandonment of the proceedings by the public prosecutor," or "an

---

[1] Defendants have cited *Uboh* for the proposition that "Courts have . . . reasoned that only terminations that indicate that the accused is innocent ought to be considered favorable." *Id.* That language is dicta. *See, e.g.*, *Harris v. Wal-Mart Stores East, LP*, No. 1:11–CV–03406–CC, 2013 WL 6795973, at *6 (N.D. Ga. Dec. 23, 2013) (denying defendant's summary judgment motion for plaintiff's malicious prosecution claim, and holding that "the dictum that [defendant] relies on does not change the established law that the issue in a malicious prosecution case is not the plaintiff's guilt or innocence."). To the extent this Court relies on dicta from *Uboh*, that dicta supports Plaintiff's claim because that court recognized that a prosecutor's failure to act can constitute a favorable termination, as in the situation presented by Plaintiff's proposed amended complaint. *See Uboh*, 141 F.3d at 1005 (citing *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995)).

acquittal," or "a final order in favor of the accused by a trial or appellate court" all constitute a favorable termination of the proceedings).[2] The favorable termination inquiry should end there.

But despite this legal backdrop, Defendants argue there is a *per se* rule that a dismissal based on a statutory speedy trial violation "cannot as a matter of law" be a favorable termination to support a malicious prosecution claim. *See* Doc. 23, at 4. This is incorrect. Defendants rely upon a single case to argue that Plaintiff's acquittal is not a favorable termination: *Cordova v. City of Albuquerque*, 816 F.3d 645 (10th Cir. 2016). Defendants cite *Cordova* for the proposition that "dismissal on speedy trial grounds is not a favorable termination for purposes of a § 1983 malicious prosecution claim" and seem to urge the court to hold that such an acquittal necessarily bars a malicious prosecution claim. *See* Doc. 23, at 4.

Defendants have either misread or mischaracterized *Cordova*. Contrary to Defendants' presentation, the court in *Cordova* explicitly declined to adopt a categorical rule that speedy trial dismissals could not constitute a favorable termination of criminal proceedings. *See Cordova*, 816 F.3d at 652 ("[W]e see no reason to adopt a *per se* rule . . . ."); *id.* at 654 (finding that "[w]here prosecutorial

---

[2] *Cf.* Restatement (Second) of Torts § 659. *Cf. id.* at §§ 660, 661 (setting out circumstances—not applicable to instant case—when a termination may not be deemed favorable).

delay *does* indicate the innocence of the accused[,] the plaintiff will not be barred from bringing his malicious prosecution claim under our rule."). Instead, that court looked to a series facts developed in discovery before finding the dismissal was not indicative of plaintiff's innocence—an explicit requirement under Tenth Circuit precedent. *Id.* at 651–54. *Cf. Harris*, 2013 WL 6795973, at *6 (finding the indicative of innocence requirement absent from Eleventh Circuit precedent).

In making their argument in favor of a *per se* rule, Defendants also ignore the great weight of authority that establishes exactly the opposite rule: that a speedy trial acquittal is a favorable termination. Contrary to the single case cited by Defendants, the vast majority of courts hold that such an acquittal constitutes a favorable termination.[3]

---

[3]  *See, e.g., Marshall v. Randall,* 719 F.3d 113 (2d Cir. 2013) (holding that dismissal of criminal prosecution on speedy trial grounds was favorable termination for purpose of § 1983 malicious prosecution claim); *Rogers v. City of Amsterdam*, 303 F.3d 155, 160 (2d Cir. 2002) ("[U]nder New York law, a dismissal pursuant to New York Criminal Procedure Law § 30.30—New York's speedy trial statute—constitutes a favorable termination [for purposes of a malicious prosecution action]."); *Murphy v. Lynn,* 118 F.3d 938, 949 (2d Cir. 1997) (holding that an "accused should not be required to relinquish [the right to a speedy trial] in order to vindicate his right to be free from malicious prosecution" (citing Restatement (Second) of Torts § 660 cmt. d)); *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195-96, 734 N.E.2d 750 (2000) (stating that New York law broadly considers any termination of a criminal proceeding to have been terminated favorably when "there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense."); *Van v. Grand Casinos of Mississippi, Inc.*, 724 So.2d 889, 893 (Miss. 1998) (finding that "the

Authority from the Eleventh Circuit and Georgia's appellate courts[4] reinforces

State's failure to prosecute properly reflects on the merits of a criminal action and therefore qualifies as a termination in favor of the plaintiff" because "the failure to proceed to the merits compels an inference of such an unwillingness or inability to do so as to imply a lack of reasonable grounds for the prosecution"); *Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 896 P.2d 411, 432 (Mont. 1995) ("A dismissal for failure to prosecute . . . does reflect on the merits of the action . . . The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted."); *Fleming v. United Parcel Service, Inc.*, 273 N.J. Super. 526, 530–31, 642 A.2d 1029, 1031 (Superior Ct. N.J. App. Div. 1994) (finding speedy trial acquittal to be a favorable termination and noting that "acquittal, whether by judge or jury, is always a favorable termination. It is no less a favorable termination if, as here, it was mandated by constitutional dictate."); *Minasian v. Sapse*, 80 Cal. App. 3d 823, 828 (Cal. App. 1978) ("A dismissal for failure to prosecute . . . does reflect on the merits of the action, and that reflection is favorable to the defendant in the action. The reflection arises from the natural assumption that one does not simply abandon a meritorious action once instituted."); *Velez v. Avis Rent A Car System, Inc.*, 308 Ill. App. 3d 923, 929, 721 N.E.2d 652, 656–57 (1999) (finding that where "prosecution of those charges was barred by the expiration of the statute of limitations and by the speedy-trial provisions," the complaint "adequately set forth the 'favorable termination' element necessary to assert a claim for malicious prosecution.").

[4] Defendants seemingly dismiss any role for state law in assessing the favorable termination element, *see* Def. Br., Doc. 23, at 3, but also later cite Georgia law, *id.* at 5. While they are correct that malicious prosecution is ultimately a federal claim governed by federal law, both common law and the law of the forum state may help guide the analysis in the event the federal law is not suited to the subject. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (explaining that courts look to the common law when defining the elements of a § 1983 claim); *see also* 42 U.S.C. § 1988(a). Of course, if the common law or state law conflicts with the federal right, then it is not used. *See Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003) ("[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution."); *Jordan v. Mosley*, 298 Fed. App'x 803, 806 (11th Cir. 2008) (stating that whether Georgia law recognizes a claim is not "determinative of the constitutional issue"). Here, the law of the forum state and common law are in

this approach. That authority shows that prosecutions that terminate by virtue of a

failure to comply with the statute of limitations or that terminate because of the

prosecution's "failure to diligently take action" constitute favorable terminations for

malicious prosecution purposes.[5] There is no reason to treat an acquittal pursuant to

Georgia's speedy trial statute differently than an acquittal resulting from the running

of the statute of limitations or the dismissal of a warrant based on improper venue.

Those forms of dismissal also do not necessarily show the accused is innocent, yet

---

accord with the Fourth Amendment, which protects both the innocent and guilty. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 926 (2017) (Alito, J., dissenting) (noting that there is no "favorable termination" requirement for a false arrest claim, and that § 1983 permits claims even following from convictions because "it makes no difference whether the prosecution was eventually able to gather and introduce legitimate evidence and to obtain a conviction at trial. The unlawful arrest and detention would still provide grounds for recovery."). Here, both Georgia law and the common law are consistent with the tenets of the Fourth Amendment and do not support Defendants' proposed restrictive rule.

[5] *See Uboh*, 141 F.3d at 1005 (noting in dicta that "a dismissal based on the running of the statute of limitations" is a favorable termination); *see also Pombert v. Glock, Inc.*, 171 F.Supp.3d 1321, 1329 (N.D. Ga. 2016) (finding that a statute of limitations issue leading to a *nolle prosequi* was a favorable termination); *Vadner v. Dickerson*, 212 Ga. App. 255, 256, 441 S.E.2d 527, 528 (1994) (finding that a dismissal based on improper venue, where "the prosecutor does not diligently take action to recommence the prosecution, . . . may be considered terminated in favor of the accused by reason of voluntary abandonment by the prosecutor."); *accord Hartshorn v. Smith*, 104 Ga. 235, 237, 30 S.E. 666 (1898) ("[I]f a criminal prosecution has been dismissed with no intention of commencing it again, or if delay has been made in commencing the prosecution again, so as to lead the accused to believe that it had been finally terminated, and if he had then and at once commenced his action for a malicious prosecution, he might probably maintain the same.").

they are plainly sufficient. Moreover, unlike a dismissal under Georgia's speedy trial statute, O.C.G.A. § 17-7-170, the dismissals in the above-referenced cases do not constitute an acquittal with prejudice.

Based upon this precedent, this Court should apply the rule that a criminal prosecution that terminates by virtue of a speedy trial violation constitutes a favorable termination for malicious prosecution purposes. This rule is consistent with cases from Georgia, numerous other state and federal courts, this Circuit, and the Restatement of Torts.

**B.** ***Even if Plaintiff must offer additional proof of the context of her dismissal, the proposed amended complaint plausibly alleges that the failure to prosecute her case is indicative of her innocence.***

Even if this Court were to adopt the Tenth Circuit's more restrictive definition of "favorable termination," as actually stated in *Cordova*, the result would not be to dismiss Plaintiff's malicious prosecution claim but to revisit the issue on summary judgment. This is because *Cordova* held that a statutory speedy trial acquittal can be, but is not always, a favorable termination and decided the issue at summary judgment rather than at the motion to dismiss stage.

Under the rule espoused in *Cordova*, the issue is whether Plaintiff's amended complaint states a plausible claim for relief. In making that assessment, all facts and inferences must be construed in Plaintiff's favor. Plaintiff's proposed amended

-8-

complaint alleged that her charges were instituted without probable cause based on fabricated facts set forth by Defendants Smith and Pilcher. *See* Doc. 21-1, at ¶¶ 3, 63, 80, 91. Plaintiff further alleged that her prosecution was abandoned and dismissed by virtue of a speedy trial violation by the prosecution and that such an acquittal constituted a favorable termination of the criminal proceedings. *Id.* at ¶¶ 87, 115. It is unclear how an absolute acquittal of charges that were predicated upon knowingly fabricated evidence could not be a favorable termination—or what inferences Defendants propose to draw from these facts to show that Plaintiff's claim is not plausible.

Based on these facts, it is imminently plausible for a jury to find that an outright acquittal and the "failure to prosecute *does* reflect on the merits of the action." *Van v. Grand Casinos of Mississippi, Inc.*, 724 So.2d 889, 892 (Miss. 1998) (emphasis added) (quoting *Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 896 P.2d 411, 432 (Mont. 1995) and *Lackner v. LaCroix*, 25 Cal. 3d 747, 159 Cal. Rptr. 693, 602 P.2d 393, 395 (Cal. 1980)). This inference flows intuitively and "arises from the natural assumption that one does not simply abandon a meritorious action once instituted." *Id.* Other courts have easily reached the same conclusion where the

plaintiff has not even alleged in their complaint why the charges were dismissed[6] or

how the charges were formally abandoned.[7] *Cf. Elmore v. Fulton Cty. Schools*, 605

Fed. App'x 906, 916 & n.8 (11th Cir. 2015) (noting a failure to plead the favorable

termination element by indicating that the allegation that "the charges were

dismissed" appeared only in briefing and not in the complaint).

## II.   IF THIS COURT FINDS THAT PLAINTIFF'S PROPOSED AMENDED COMPLAINT FAILS TO STATE A CLAIM, PLAINTIFF SHOULD BE GIVEN AN OPPORTUNITY TO FILE A SECOND PROPOSED AMENDED COMPLAINT

Defendants' opposition to Plaintiff's motion to amend shares characteristics of a

---

[6] *See Woodard v. Town of Oakman*, 885 F. Supp. 2d 1216, 1234 (N.D. Ala. 2012) ("Officer Phillips contends that Mayor Todd and Magistrate Welch both directed that Wilson sign a sham complaint for the issuance of an arrest warrant for interference with governmental operations. Officer Phillips maintains that the criminal charges against him were prosecuted and ultimately 'dismissed' by the Circuit Court. Although Officer Phillips does not specify the type of dismissal entered by the Circuit Court, the Court makes all reasonable inferences in favor of the plaintiff. Based on the totality of the facts alleged, it appears likely that evidence will show the dismissal is one that indicates Officer Phillips is innocent of the charges made." (internal citations omitted)); *see also Brown v. Kinchen*, NO. 09-20936-CIV-COOKE, 2009 WL 10673625, at *5 (S.D. Fla. 2009) (finding that where charges were "no actioned," such a disposition "may constitute a favorable termination" and finding that plaintiff had stated a claim).

[7] *See Woodard*, 885 F. Supp. 2d at 1234  ("Chief Woodard asserts that the criminal charges against him were 'abandoned by the City of Oakman.' Making all reasonable inferences in favor of the plaintiff, it appears likely that evidence will show that the Town of Oakman made an affirmative decision not to prosecute. Accordingly, Chief Woodard has alleged sufficient facts, at this time, to show that the abandonment of charges indicates he is innocent of the charges made." (internal citations omitted)).

motion to dismiss under Fed. R. Civ. P. 12(b)(6) because the futility standard under

Rule 15 is identical to the Rule 12(b)(6) standard. To the extent that Plaintiff's

proposed amended complaint insufficiently alleges facts establishing a favorable

termination of her criminal prosecution, she will seek to leave to amend her complaint

anew. Under Rule 15(a), courts "should freely give leave when justice so requires."

The Eleventh Circuit has instructed:

> "The Supreme Court has emphasized that leave to amend *must* be granted absent a specific, significant reason for denial." [quoting *Spanish Broad. Sys. v. Clear Channel Commc'ns*, 376 F.3d 1065, 1077 (11th Cir. 2004).] The permissible reasons that can justify denial of leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." [quoting Foman v. Davis, 371 U.S. 178, 182 (1962).]

*Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 Fed. App'x 335, 336–37 (11th Cir.

2006) (finding that district court abused its discretion in denying leave to amend after

dismissal of claims) (internal alterations omitted).

Based on the circumstances of this litigation, Defendants would not be

prejudiced by granting Plaintiff leave to amend if their first proposed amended

complaint is deemed insufficient. Absent a showing of prejudice, leave to amend

should generally be given. *See* 6 Alan Wright, et al., Fed. Prac. & Proc. Civ. § 1484

(3d ed.). Plaintiff could not fairly be charged with undue delay, bad faith, or dilatory motive. This litigation is in its infancy, with no discovery other than initial disclosures exchanged between the parties, and Plaintiff's claim for malicious prosecution has only recently accrued. In any event, the facts underlying Plaintiff's malicious prosecution overlap significantly with the other facts needed to support her claims.

In drafting her proposed amended complaint, Plaintiff did not anticipate that Defendants would ignore local precedent in favor of a single case from the Tenth Circuit (that would then be mischaracterized), and she pleaded a short and plain statement of her claim accordingly. If necessary, Plaintiff would allege additional facts showing that her criminal prosecution ended because the prosecution willfully abandoned a weak case in a manner not inconsistent with her innocence. As but examples of such additional facts: Plaintiff is factually innocent of the charged conduct; prior to her acquittal, the prosecution announced in open court, and again *in camera*, that Plaintiff's charges would be dismissed, *see* Doc. 1, at ¶ 87; the text of the "Order for Discharge and Acquittal" in Plaintiff's criminal case states she is "absolutely discharged and acquitted of the offenses charged;" prior to acquittal, Plaintiff's mother had a conversation with the ADA assigned to Plaintiff's case in which the ADA stated that he was hearing key facts for the first time that were different from what he had been told by Defendants, which led him to abandon the

-12-

case; based on the consistency of the stories told by the witnesses (other than Defendants), the prosecution determined that it could not prove the charges against Plaintiff.

## CONCLUSION

Contrary to Defendants' assertion that a "dismissal on speedy trial grounds is not a favorable termination for purposes of a § 1983 malicious prosecution claim . . . as a matter of law," *see* Doc. 23, at 4, no authority cited by Defendants (or found by Plaintiffs) supports that statement. Most courts that have confronted this issue have dealt with it quickly, finding that a speedy trial dismissal is a *per se* favorable termination for malicious prosecution purposes. Plaintiff requests this Court grant her motion to amend her complaint to add a claim for malicious prosecution.

Respectfully submitted, this 12th day of December, 2017.

/s/ Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

/s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553

FILIPOVITS LAW, PC
2900 Chamblee-Tucker Road, Bld. 1
Atlanta, Georgia 30341
770-455-1350
jeff@law.filipovits.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATION OF ELECTRONIC FILING

The undersigned hereby certifies the filing of this Reply Brief in Support of Plaintiff's Motion to Amend Complaint upon the parties and all counsel by the Court's Electronic Filing System.

DATED: This 12th day of December, 2017.

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002

-14-